UNITED STATES v. ONE ENGINE & BELTING, ETC.

(Circuit Court of Appeals, Third Circuit. June 15, 1910.)

No. 34, March Term, 1910.

INTERNAL REVENUE (§ 46*)—FORFEITURES FOR VIOLATION OF LAW BY DISTILLER—BURDEN OF PROOF.

In a proceeding by information for the forfeiture of property under Rev. St. §§ 3257, 3281 (U. S. Comp. St. 1901, pp. 2112, 2127), as being used by one carrying on the business of a distiller without giving bond and attempting to defraud the government of the tax on spirits distilled by him, the burden of proof rests on the United States to establish the facts alleged, and every reasonable intendment and effect must be given to answers filed by third persons who claim the property as their own.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 134; Dec. Dig. § 46.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Information by the United States for the forfeiture of one engine and belting, etc., for violation of the internal revenue laws. Donegan & Swift and William E. Headley claim the property. From the decree, the United States appeals. Affirmed.

J. Whitaker Thompson, U. S. Atty., and John C. Swartley, Asst. U. S. Atty.

Thompson & Ballantine, for claimants Donegan & Swift.

Jos. H. Hinkson and J. De H. Ledward, for claimant Headley.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. This is a proceeding by the United States to forfeit certain personal property of one Berman, who was alleged to be carrying on the business of a distiller without giving bond, in violation of Rev. St. § 3281 (U. S. Comp. St. 1901, p. 2127), and of attempting to defraud the government of a tax on spirits, in violation of Rev. St. § 3257 (U. S. Comp. St. 1901, p. 2112). All of the chattels sought to be forfeited, with the exception of certain spirits and brandy, were claimed by one Headley, who filed an answer, and of those claimed by Headley an engine and belting were claimed by Donegan & Swift, who also filed an answer. On hearing, the court decreed the spirits and brandy be forfeited and all the property claimed be discharged. Thereupon the government took this appeal.

No opinion was filed by the court below, so we are not advised as to the grounds of its action; but after consideration we find no error

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

in its decree. The burden of establishing a right of forfeiture was on the government, and no testimony was taken to support its claim. The case was heard on information, and, being one of alleged forfeiture, every reasonable intendment and effect must be given to the answers. Viewed in that light, we think the government's case was not established. Without discriminating between the two answers of the two claimants, or in any way deciding their rights as against each other, we think the answers, taken together, aver that Berman on the date of the alleged forfeiture on July 15, 1909, had removed from the state, that he was not carrying on the business of a distiller on the premises in question, that he was not in possession of the articles or the premises at that date, but that possession of the articles on the premises was then and had been previously and in good faith in the claimants or their privies.

Such being the effect of the unchallenged answers it is clear that the case did not fall within the above sections, in the absence of proof to sustain the averments of the information.